```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

TRUSTEES OF THE CHICAGO REGIONAL   )
COUNCIL OF CARPENTERS PENSION      )
FUND, et al.,                      )
                                   )
                 Plaintiffs,       )
                                   )
     v.                            )    No.  08 C 3580
                                   )
S.& E. CARPENTRY SERVICES, INC.,   )
et al., etc.,                      )
                                   )
                 Defendants.       )
```

## MEMORANDUM ORDER

S.& E. Carpentry Services, Inc. ("S&E") has filed its Answer to the Complaint of the plaintiff employee benefit funds in which S&E is named as a codefendant. This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Answer ¶1 hedges as to the existence of subject matter jurisdiction. If S&E does have some legitimate basis for contending that jurisdiction is lacking (the first subject that this Court must address--see, e.g., Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998)), it must identify the grounds for that objection promptly.[1]

Next, Answer ¶2 includes an effective disclaimer as to the corresponding Complaint allegations in conformity with the second sentence of Fed. R. Civ. P. ("Rule") 8(b), but S&E then goes on

---

[1] It should be said that at least as this Court reads the Complaint, no obvious flaw exists in that respect.

to deny those allegations.  That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)?  Accordingly that denial in Answer ¶2 is stricken.

Answer ¶¶3 through 6 simply do not conform to the requirements of the first sentence of Rule 8(b).  That failure is in large part the consequence of S&E's impermissible assertions about documents that "speak for themselves"--see App. ¶3 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).  All of those paragraphs of the Answer are stricken, and S&E must indeed answer all of the allegations in the corresponding paragraphs of the Complaint.

Finally, Answer ¶12 follows a one-sentence denial with an argumentative statement that plays no appropriate role in a pleading.  Accordingly the second sentence of that paragraph is stricken.

Because substantial changes in the existing Answer are therefore called for, it seems that the better approach when S&E's counsel return to the drawing board will be for them to file a self-contained Amended Answer, thus sparing the reader the need to flip back and forth between two pleadings to see just what is and is not at issue.  Accordingly S&E's counsel are granted leave to file such an Amended Answer on or before

2

September 12, 2008.

No charge is to be made to S&E by its counsel for the added work and expense incurred in correcting counsel's errors. S&E's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: August 21, 2008